CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 17 2011

JULIA C. DUDLEY, CLERK
BY: 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BILLY DEAN CHAFFINS, | CASE NO. 7:11CV00312 |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION |
| SOUTHWEST VIRGINIA REGIONAL JAIL-ABINGDON, ET AL., | By: James C. Turk<br>Senior United States District Judge |
| Defendant(s). | |

Billy Dean Chaffins, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that a nurse at the Southwest Virginia Regional Jail ("the jail") in Abingdon gave him another inmate's medication, causing him to suffer ill effects. He seeks compensatory damages and injunctive relief to be moved to a medical prison facility.[1] After the court advised Chaffins that his allegations in the initial complaint were insufficient to state an actionable claim, Chaffins submitted an amendment, which the court will grant. Upon review of his complaint as amended, however, the court finds that his allegations fail to provide factual basis for any constitutional claim actionable under § 1983.

I

Chaffins' submissions indicate the following sequence of events on which he bases his claims. Chaffins has numerous health problems involving his heart and liver. The jail doctor had ordered that Chaffins' transfer to a medical prison be expedited, but no beds were immediately available. While he remained at the jail, Chaffins regularly received medications

---

[1] Chaffins recently notified the court that he has been transferred to a Virginia Department of Corrections ("VDOC") prison facility. Therefore, his claims for injunctive relief are now moot. See Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) (finding that prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there).

from a nurse. According to jail policy, the nurse was to check an inmate's armband to be sure that he received the correct medication. On June 10, 2011, Nurse Wanda Aliceson failed to check Chaffins' armband before giving him some medication intended for another inmate.[2] She soon noticed the mistake and had Chaffins transferred to the medical unit where staff monitored his condition for 48 hours. Chaffins alleges that as a result of taking this medication, he suffered from high blood pressure and low blood sugar, and that since the incident, he has had "very bad head[aches], with poor vision, and al[so] shak[ing] very bad."[3]

## II

A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." The factual allegations in the complaint must contain "more than labels and conclusions" and "must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). After review of Chaffins' allegations as amended, the court concludes that he fails to allege facts stating a claim actionable under § 1983.

As an initial matter, Chaffins' allegations state no actionable claim against the jail. Because the jail is not a "person" amenable to suit under § 1983, all claims against this defendant will be summarily dismissed. Preval v. Reno, No. 99-6950, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

---

[2] According to Chaffins, the other inmate's medications included substances to treat heart problems, blood pressure, diabetes, and nerve pain.

[3] A grievance that Chaffins submitted in support of his complaint indicates that after Chaffins received the medication on June 10, 2011, officials monitored his condition in the medical unit for 24 hours, during which time his blood pressure and vital signs were good.

2

The nurse that Chaffins names as a defendant in his amendment is subject to suit under § 1983. However, all claims against her must also be summarily dismissed, pursuant to § 1915A(b)(1), because Chaffins does not allege facts indicating that her actions violated his constitutionally protected rights.

In order to state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). To prove that his course of medical treatment amounted to an Eighth Amendment violation, an inmate must show that prison officials to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). The inmate must show that the official was aware of objective evidence from which she could draw an inference that a substantial risk of harm existed, that she drew that inference, and that she failed to respond reasonably to the risk. Farmer v. Brennan, 511 U.S. 825, 847 (1994). On the other hand, merely negligent actions during the course of providing inmate medical treatment do not present constitutional deprivations. Estelle, 429 U.S. at 105-106. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106; Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (because evidence indicated doctors diagnosed and treated plaintiff's symptoms, but did not show that doctors knew his condition involved pituitary gland tumor, failure to diagnose and treat that condition did not state Eighth Amendment claim even though inmate ultimately went blind).

Chaffins' allegations do not support any claim that anyone at the jail acted with deliberate indifference to his serious medical needs. His submissions indicate that medical staff monitored

3

his medical conditions regularly, provided him with medication, and took steps to have him transferred to another facility as soon as possible for medical reasons. Moreover, Chaffins offers no facts on which he could persuade a fact finder that the nurse deliberately gave him the wrong medications on June 10, 2011. Rather, his allegations indicate that she inadvertently failed to follow the policy of checking inmate armbands on that one occasion and mistakenly administered another inmate's medications to him. Furthermore, it is clear from his own allegations that upon discovering her mistake, the nurse responded reasonably to any risk it created by ensuring that staff monitored Chaffins' condition for several hours. Thus, he fails to present facts on which he could prove any constitutional claim against her.

At the most, Chaffins' allegations present a possible state law claim of medical negligence or malpractice, which does not give rise to a constitutional claim and is not actionable under § 1983.[1] Id. Finding his § 1983 claim to be legally frivolous, pursuant to § 1915A(b)(1), the court will dismiss the action without prejudice. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 17th day of August, 2011.

/s/ James C. Turk
Senior United States District Judge

---

[1] Section 1983 was intended to protect only federal rights guaranteed by federal law and is not a vehicle for raising negligence claims for which there are adequate remedies under state law. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Plaintiff's state law claims are thus not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over them in this action. See 28 U.S.C. § 1367(c). All such claims will be dismissed without prejudice.

4

Case 7:11-cv-00312-JCT Document 11 Filed 08/17/11 Page 4 of 4 Pageid#: 37